ELIAS *v.* J. RUBEL & CO.

[72 South. 131.]

EQUITY. *Statute of limitations.*

> In a suit by a bookkeeper against his employer for wages, where there was no concealment, deception or fraud practiced by the employer whereby he became estopped from setting up the statute of limitations, but on the other hand, the record discloses that appellant was the bookkeeper and manager of the business in which he was employed, and made yearly settlements of his accounts with his employer, the appellee; that he was fully informed as to when his right of action accrued, if he had any. He cannot invoke the aid of a court of equity to evade the statute of limitations.

Appeal from the chancery court of Chickasaw county.

Hon. T. L. Lamb, Chancellor.

Bill by Edward D. Elias against J. Rubel & Co. From rulings on defendant's demurrer to certain items of the bill, both parties appeal for settlement of the law governing the case.

The facts are fully stated in the opinion of the court.

*A. T. Stovall*, for appellant.

*A. A. Cohn*, for appellee.

Holden, J., delivered the opinion of the court.

This is an appeal from the chancery court of Chickasaw county, for the purpose of settling the principles of the case. The appellant, Edward D. Elias, filed his bill in the chancery court against appellee J. Rubel, alleging that he had been in the employ of the appellee for a number of years as bookkeeper and manager of the mercantile business conducted by the appellee, and that the appellee Rubel was indebted to him in different sums growing out of his contract with the appellee for wages and profits of the business, and asked for an accounting and decree for such sum as the court might find was due to him. The appellee Rubel, defendant in the court below, filed his demurrer to the bill, setting up that such debt and cause of action accrued more than three years before the filing of this suit, and was therefore barred by the statute of limitations. The defendant below also specially demurred to that part of the bill which claimed that the complainant was entitled to twenty per cent. of the net profits on goods, wares, and merchandise that the said Rubel, in 1913, contracted and sold to customers to be delivered in 1914, after the complainant had left the em-

ploy of the defendant Rubel; and also the defendant below specially demurred to that part of the bill which claimed an item of seventeen dollars and seventy-five cents as being due to complainant, the same being twenty per cent. of eighty-three dollars and seventy cents alleged to have been paid out by defendant for graveled streets.

The chancellor sustained the demurrer as to all of the items claimed by the complainant in his bill that were alleged to be due by the defendant to the complainant prior to February 2, 1910, finding that such items were barred by the three-year statute of limitation. The court overruled the demurrer as to the two items in the bill; the cause of action upon which had not become barred by the statute of limitation. From these rulings an appeal to this court was taken by both parties for a settlement of the law governing the case.

After a careful perusal of the record we think the ruling of the chancellor was manifestly correct. The record here discloses nothing to show why a court of equity should not apply the statute of limitations in this case. There was no concealment, deception, or fraud practised by the appellee whereby he became estopped from setting up the statute of limitation; on the other hand, the record discloses that the appellant was the bookkeeper and manager of the business in which he was employed, and made yearly settlements of his account with his employer, appellee Rubel; that he was fully informed as to when his right of action accrued, if he had any. He cannot now invoke the aid of a court of equity to evade the statute of limitation.

As to the item of twenty per cent on the net profits of the goods sold by appellee to be delivered in 1914, and the item of twenty per cent. on the eighty-three dollars and seventy cents paid out by the appellee for graveled streets, these claims are not barred by limitation, and the allegations of the bill charging this

indebtedness to be due by the appellee to appellant sufficiently states a cause of action to require the appellee to answer.   Therefore the decree of the chancellor overruling the special demurrer as to these two items was correct.

The decree of the lower court is affirmed, and the cause remanded for trial in accordance with this opinion.

*Affirmed and remanded.*